IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FAYZA and BADR SINNO § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | |
| § | Civil Action No. \_\_5:21-cv-782\_\_ |
| SAFECO INSURANCE COMPANY OF § | | |
| INDIANA § | | |
|     Defendant. | | |

## SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Safeco Insurance Company of Indiana ("Safeco") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On June 29, 2021, Plaintiffs Fayza and Badr Sinno filed their Original Petition ("Original Petition") styled Cause No. 2021CI12992; *Fayza and Badr Sinno v. Safeco Insurance Company of Indiana*; In the 224th Judicial District Court, Bexar County, Texas. Safeco was served with citation on July 20, 2021, and filed its Original Answer on August 9, 2021.

### *Nature of the Suit*

2. This lawsuit involves a dispute over Safeco's handling of Plaintiffs' insurance claim for damages from a wind/hail storm allegedly sustained by their residential property located at 12822 Vista Haven, San Antonio, Texas 78216. Plaintiffs assert causes of action against Safeco for breach of contract, noncompliance with the Texas Insurance Code (unfair settlement practices, non-prompt payment of the claim), breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. The Amount in Controversy Exceeds $75,000.**

4. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1] Here, Plaintiffs claim that their property, which Plaintiffs insured through Safeco, sustained storm damage.[2] Plaintiffs seek damages for Safeco's alleged failure to pay them what was owed under the terms of their insurance contract.[3] The Policy in effect on the reported date of loss was Texas Select Homeowner's Policy with coverage limits of $421,200 for the dwelling and $168,480 for personal property. Plaintiffs seek statutory penalties and treble damages under the Texas Insurance Code.[4] Plaintiffs also seek attorney fees for bringing this suit.[5]

5. Plaintiffs plead in their Original Petition that they are seeking monetary relief of over "$250,000.00 but not more than $1,000,000.00."[6] Further, Plaintiffs presented a settlement offer to Safeco in which Plaintiffs asserted damages totaled $171,582.65 (including repairs to the

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] *See* Exhibit A, Original Petition at Page 2.
[3] *See* Exhibit A, Original Petition at Page 3.
[4] *See* Exhibit A, Original Petition at Pages 11-13.
[5] *See* Exhibit A, Original Petition at Pages 12-13.
[6] *See* Exhibit A, Original Petition at Page 13.

loss, less prior payments, deductibles and policy payment limitations, interest, damages and attorney's fees at that time).[7] Consistent with the amount sought in the Petition and settlement demand, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332. Thus, given the Policy limits pertinent to Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### B. Complete Diversity Exists Among Remaining Parties

6. Upon information and belief, Plaintiffs each were a citizen of Texas when their Petition was filed and each continue to be citizens of Texas.

7. Safeco is a company organized under the laws of the State of Indiana with its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiffs and Safeco, the only remaining parties to the suit.

### C. The Removal is Procedurally Correct

8. Safeco was first served with the Original Petition in District Court on July 20, 2021. Therefore, Safeco filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

---

[7] *See* Exhibit B, Demand to Safeco

11. Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 224th Judicial District for Bexar County, Texas, promptly after Safeco files this Notice.

WHEREFORE, Safeco Insurance Company of Indiana requests that this action be removed from the 224th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lsslaw.com

By: _____
David R. Stephens
State Bar No. 19146100

COUNSEL FOR SAFECO INSURANCE COMPANY OF INDIANA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent on this **19th** day of **August, 2021**, addressed to those who do not receive notice from the Clerk of the Court.

Chad T. Wilson
Jay Scott Simon
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
jsimon@cwilsonlaw.com

_____
David R. Stephens